IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

McCLURE BROTHERS LAND & CATTLE
OPERATING PARTNERSHIP, A Kansas
General Partnership,

        Plaintiff,

        vs.                              Case No. 06-1307-JTM

UNITED STATES DEPARTMENT OF
AGRICULTURE, Mike Johanns, Secretary,

        Defendant.

MEMORANDUM AND ORDER

The Appellant, McClure Brothers Land & Cattle Operating Partnership ("McCBL&COP"), is a Kansas general partnership engaged in farming. The McCBL&COP was created in 2004; its partners are single-member limited liability companies owned by Craig and John McClure. The Articles of Organization of both John D. McClure, LLC and Craig J. McClure LLC, provide that "[t]he Member reserves the right to admit additional Members in accordance with the terms of the Operating Agreement."

On January 23, 2006, McCBL&COP applied for a $500,000 Operating Emergency Loan from the Farm Service Agency of the Department of Agriculture, which was denied by the Department's National Appeals Division (NAD) hearing officer on June 16, 2006, who found that application could not be granted because the limited liability companies' Articles of Organization permitted future members to join the companies. This decision was upheld on appeal on September

7, 2006, with the finding that no loan could issue since more than 50 percent of the McCBL&COP was not owned by individuals. McCBL&COP appeals from this decision.

McCBL&COP agrees that the court should uphold an administrative decision unless it was arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706. In reviewing such appeals, the court is deferential to the agency interpretation of the law. *NLRB v. Brown*, 380 U.S. 278, 291(1965). The court presumes that the agency correctly applied the law. *FCC v. Schreiber*, 381 U.S. 279, 296 (1965).

In denying the application, the NAD hearing officer stated:

> McClure Brothers Land & Cattle Operating Partnership applied for the emergency loan. The entity is owned by Craig McClure, LLC and John McClure, LLC as opposed to Craig McClure and John McClure as individuals. FSA can make loans to entities owned by individuals but not to ones owned by other entities. McClure Brothers Land & Cattle Operating Partnership is not eligible for FSA assistance.
> Emergency loan eligibility was addressed by Congress in the Consolidated Farm and Rural Development Act (CONACT). The CONACT indicates loans can be made to entities held by individuals. When the Code of Federal Regulation (CFR) was written, it inadvertently omitted LLCs from the list of entities excluded from owning other entities. The CONACT supersedes the CFR.

Although the Appellant devotes some discussion to regulations promulgated under the loan statute,[1] it is apparent that the focus of the present appeal is on the meaning and intent of 7 U.S.C. § 1961, which governs the eligibility for Operating Emergency Loans. Under the heading "Persons Eligible," § 1961(a) provides:

---

[1] Thus, Appellant stresses that it is not excluded by 7 C.F.R. § 764.2, which provides that an entity is not an "established farmer" if it is "a partnership with an ownership interest of 50 percent or more held by one or more estates, trusts, corporations, other partnerships or other joint operations."

> The Secretary shall make and insure loans under this subchapter only to the extent and in such amounts as provided in advance in appropriation Acts to (1) established farmers, ranchers, or persons engaged in aquaculture, who are citizens of the United States and who are owner-operators . . .or operators . . . of not larger than family farms, and (2) farm cooperatives, private domestic corporations, partnerships, joint operations, trusts, or limited liability companies (A) that are engaged primarily in farming, ranching, or aquaculture, and (B) in which a majority interest is held by individuals who are citizens of the United States....

The court finds that the Agency's interpretation of the statute is not arbitrary or capricious, but rather is consistent with the unambiguous intent of the statute.

The Appellant argues that it is eligible for emergency operating loans because its members are not owned by a joint operation, but are "individuals" within the meaning of the statute — two single-member limited liability companies. In this context, the Appellant argues that single-member limited liability companies are "individuals" within the Webster's Dictionary meaning as "existing as an indivisible whole."

The court finds that this interpretation is not consistent with the language and intent of the statute. The statutory regime created for the provision of emergency operation loans creates a careful distinction between entities (however organized or structured) who may receive loans, and "individuals." The various entities ("such cooperatives, corporations, partnerships, joint operations, trusts, or limited liability companies") are owned by "individuals," not other entities. The individuals must be "citizens of the United States." A further requirement of the statute is that, if the recipient of the loan is a family farm entity, the majority of the ownership interest in the entity must be "held by individuals who are related by blood or marriage."

The requirements of citizenship and relation by blood or marriage demonstrate that the term "individuals" under the statute was used to mean a natural person rather than a business entity. That is, the term is used in the sense of "a single person as distinguished from a group or class, and also

3

very commonly, a private or natural person as distinguished from a partnership or corporation or association." Black's Law Dictionary 773 (6th ed. 1990). The LLCs which form the Appellant are not individuals who are citizens of the United States. The Agency's interpretation of the statute was not arbitrary or capricious.

IT IS ACCORDINGLY ORDERED this 9th day of May, 2007, that the Appellant's appeal is hereby denied.

                                                    s/ J. Thomas Marten
                                                    J. THOMAS MARTEN, JUDGE